(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION

                                                          NO. NOCV2004-01339-A

Dennis Michael Hanrahan, *Plaintiff(s)*
                        et al.

v.

NCMIC Insurance Co., *Defendant(s)*
                     et al.

### SUMMONS

To the above-named Defendant: NCMIC Insurance Services, Inc., c/o National Registered Agents, 303 Congress Street, BOston, MA 02210

You are hereby summoned and required to serve upon William J. Ruotolo, Esq. plaintiff's attorney, whose address is 2131 Warwick Avenue, Warwick, RI 02889, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ................... the ...................

day of ..................., in the year of our Lord two thousand and ...................

                                                                          Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    SUPERIOR COURT DEPARTMENT
                                OF THE TRIAL COURT
                                CIVIL DOCKET # NOCV2004-

DENNIS MICHAEL HANRAHAN
and
JANICE HANRAHAN,
            Plaintiffs

v.

NCMIC INSURANCE COMPANY, and
NCMIC INSURANCE SERVICES, INC.,
            Defendants

## COMPLAINT BY PLAINTIFFS, DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN, AGAINST NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICES, INC., DEFENDANTS

1. The Plaintiffs, DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN, are Massachusetts residents whose current address is 80 Walnut Street, Canton, Commonwealth of Massachusetts 02021.

2. The Defendant, NCMIC INSURANCE COMPANY, at all times herein concerned was and continues to be an insurance company licensed to sell insurance, and does business, in the Commonwealth of Massachusetts with its principle office located a its principle office located at 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307 and whose resident agent is NATIONAL REGISTERED AGENTS, INC., 303 Congress Street, 2nd Floor, Boston, MA 02210.

3. The Defendant, NCMIC INSURANCE SERVICES, INC., at all times herein concerned was and continues to be an insurance company licensed to sell insurance, and does business, in the Commonwealth of Massachusetts with its principle office located a its principle office located at 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307 and whose resident agent is NATIONAL REGISTERED AGENTS, INC., 303 Congress Street, 2nd Floor, Boston, MA 02210.

4. KERRY GOYETTE, D.C., at all times herein concerned was a chiropractic physician licensed to practice chiropractic medicine in the Commonwealth of Massachusetts and who's residential address is believed to be 158 Crane St, Dedham, MA 02026 and was issued a professional liability policy of insurance covering the claims of the Plaintiffs through NCMIC INSURANCE COMPANY, 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307 and NCMIC INSURANCE SERVICES, INC., 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307.

5. CHRISTINE P. HUBER, D.C., at all times herein concerned was a chiropractic physician licensed to practice chiropractic medicine in the Commonwealth of Massachusetts and who maintained a business address at Harvard Vanguard Medical Associates, Quincy Practice, 1250 Hancock Street, Quincy, MA 02169 and was issued a professional liability policy of insurance covering the claims of the Plaintiffs through NCMIC INSURANCE COMPANY, 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West

2

Des Moines, IA 50266-1307 and NCMIC INSURANCE SERVICES, INC., 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307.

6. COMMUNITY CHIROPRACTIC, P.C., was at all times herein concerned, a professional corporation, licensed in the Commonwealth of Massachusetts having neither principal place of business nor registered agent listed with the Secretary of State, Division of Corporation but having an individual by the name of Christine Huber, 58 Fuller Street, Canton, MA 02021 listed as President, Treasurer, and Clerk of COMMUNITY CHIROPRACTIC, P.C. and COMMUNITY CHIROPRACTIC, P.C., was the employer, master, or contractor of DEFENDANTS, KERRY GOYETTE, D.C. and/or CHRISTINE HUBER, D.C. or were otherwise responsible for the actions of DEFENDANTS, KERRY GOYETTE, D.C. and/or CHRISTINE HUBER, D.C. and was issued a professional liability policy of insurance covering the claims of the Plaintiffs through NCMIC INSURANCE COMPANY, 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307 and NCMIC INSURANCE SERVICES, INC., 14001 University Avenue, Clive, IA 50325 and 1452 29th Street, Suite 102, West Des Moines, IA 50266-1307.

7. At all times herein concerned, the KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC, held themselves out to the general public and in particular to the Plaintiff, DENNIS MICHAEL HANRAHAN, as competent and expert in chiropractic diagnosis, treatment, care, and all other chiropractic problems and conditions.

3

8. From on or around November 29, 2000 and thereafter, the Plaintiff, DENNIS MICHAEL HANRAHAN, was a patient of the KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC, negligently receiving care and treatment from them resulting in severe personal injuries.

9. The injuries sustained by the Plaintiff were the direct and proximate result of the carelessness, unskillfulness, negligence, and improper care and treatment by the KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC, including, but not limited to the following:

   a. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC's misrepresentations to the Plaintiff that they were knowledgeable, skillful, and competent to diagnose and treat the Plaintiff's medical condition on or around November 29, 2000 and thereafter;

   b. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC's failure to adequately and properly diagnose the Plaintiff's medical condition on or around November 29, 2000 and thereafter, and their failure to prescribe proper and timely treatment for said condition;

c. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC's failure to recognize, or have knowledge to recognize their inability to diagnose and treat the Plaintiff, when the Defendant knew, or should have known, in the exercise of due care, the foreseeable consequences of their inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

d. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession;

e. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to inform and to warn about the treatment of said condition;

f. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC's negligent acts and omissions in the performance of chiropractic services upon the Plaintiff;

5

g. CHRISTINE P. HUBER, D.C., negligent selection of a chiropractic physician who treated the Plaintiff, DENNIS MICHAEL HANRAHAN;

h. CHRISTINE P. HUBER, D.C., negligent supervision of a chiropractic physician who treated the Plaintiff, DENNIS MICHAEL HANRAHAN;

i. CHRISTINE P. HUBER, D.C., negligent training of a chiropractic physician who treated the Plaintiff, DENNIS MICHAEL HANRAHAN;

j. COMMUNITY CHIROPRACTIC, P.C., negligent selection of a chiropractic physician or physicians who treated the Plaintiff, DENNIS MICHAEL HANRAHAN;

k. COMMUNITY CHIROPRACTIC, P.C., negligent supervision of a chiropractic physician or physicians who treated the Plaintiff, DENNIS MICHAEL HANRAHAN;

l. COMMUNITY CHIROPRACTIC, P.C., negligent training of a chiropractic physician or physicians who treated the Plaintiff, DENNIS MICHAEL HANRAHAN; and

m. KERRY GOYETTE, D.C., CHRISTIINE HUBER, D.C., and COMMUNITY CHIROPRACTIC violation of CMR 233, 4.05.

10. As a direct and proximate result of negligence and carelessness of the KERRY GOYETTE, D.C. CHRISTINE P. HUBER, D.C., and

6

COMMUNITY CHIROPRACTIC, P.C., as herein above set forth, the Plaintiff, DENNIS MICHAEL HANRAHAN, was caused to suffer great and serious physical and emotional injuries, requiring him to expend great sums of monies for medical and hospital care and treatment, as well as loss of income.

11. A settlement demand letter was mailed to Defendant, NCMIC INSURANCE COMPANY on December 1, 2001 at which time a response was received wherein no settlement offer was made.

12. On or around December 26, 2001 and October 28, 2003, the Plaintiffs through their counsel, mailed demand letters (all medical bills and reports in the Plaintiff's possession had been produced in discovery in the underlying action against KERRY GOYETTE, D.C. CHRISTINE P. HUBER, D.C., and COMMUNITY CHIROPRACTIC, P.C.) pertaining to the Plaintiff's treatment by KERRY GOYETTE, D.C. CHRISTINE P. HUBER, D.C., and COMMUNITY CHIROPRACTIC, P.C., to Defendant, NCMIC INSURANCE COMPANY which demanded settlement.

13. The letters referred to in paragraph 11 above complied with sufficient notice under G.L. c. 93A and c. 176D that the Plaintiffs claimed violations against Defendants, NCMIC INSURANCE COMPANY and NCMIC INSURANCE SERVICES, INC. for violations of those statutes.

14. Both letters referred to in paragraph 11 above received responses from Defendant, NCMIC INSURANCE COMPANY which categorically denied any violations of the statutes and failed to make any offer of settlement though liability and damages had become reasonably clear by the time each of those

7

demand letters had been sent.

15. As of this filing, settlement offers have been extended by Defendants, NCMIC INSURANCE COMPANY and NCMIC INSURANCE SERVICES, INC. on the underlying medical malpractice claims made by these Plaintiffs against KERRY GOYETTE, D.C. CHRISTINE P. HUBER, D.C., and COMMUNITY CHIROPRACTIC, P.C. and though liability and damages have become reasonably clear, the offers have been in bad faith and in violation of G.L. c. 93A and G.L. c. 176D.

16. The Defendants, NCMIC INSURANCE COMPANY and NCMIC INSURANCE SERVICES, INC. had affirmative obligations to comply with G.L. c. 93A and 176D with respect to the handling and settlement of the claims of the Plaintiffs against KERRY GOYETTE, D.C. CHRISTINE P. HUBER, D.C., and COMMUNITY CHIROPRACTIC, P.C. and violated those affirmative duties as outlined in G.L. c. 93A and 176D to the Plaintiffs' detriment and suffered financial loss and was otherwise injured.

17. WHEREFORE, the Plaintiffs, DENNIS MICHAEL HANRAHAN and JANICE HANRAHAN, demand judgment against the Defendants, NCMIC INSURANCE COMPANY and NCMIC INSURANCE SERVICES, INC., together with interest and costs.

**PLAINTIFFS CLAIM TRIAL BY JURY.**

*Respectfully Submitted,*

PLAINTIFFS,

DENNIS MICHAEL HANRAHAN AND
JANICE HANRAHAN,
By their Attorney and
Counsel Of Record,

_____
William J. Ruotolo
BBO # 628288
Law Offices
WILLIAM J. RUOTOLO
ATTORNEYS & COUNSELLORS AT LAW
2131 Warwick Avenue
Warwick, RI 02889
(401) 739-7404

Dated: August 16, 2004

*C:\Documents and Settings\All Users\Documents\WJR\wjr - files\HANRAHAN v. gayette - NOCV2001-00811\complaint - ncmic - 08.16.2004.doc*

9