UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 SEP 21 P 4: 25
U.S. DISTRICT COURT
DISTRICT OF MASS

DENNIS MICHAEL HANRAHAN AND
JANICE HANRAHAN,

        Plaintiff,

v.

NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.,

        Defendants.

CIVIL ACTION NO. 04-12012-DPW

### ANSWER OF DEFENDANTS' NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICES, INC.

Pursuant to Rule 81 of the Federal Rules of Civil Procedure, defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. (NCMIC) hereby answer the numbered paragraphs of plaintiffs' complaint as follows:

1.    NCMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.    Admitted.

3.    Admitted as to location of NCMIC Insurance Services, Inc.; otherwise denied.

4.    Denied as to allegation that NCMIC Insurance Services, Inc. issued a professional liability policy to Dr. Goyette; otherwise admitted, except as to residential address of Dr. Goyette, as to which NCMIC is without knowledge or information sufficient to form a belief as to the truth of the allegation.

5.    Denied as to allegation that NCMIC Insurance Services, Inc. issued a professional liability policy to Dr. Huber; otherwise admitted, except as to residential address of Dr. Huber, as to which NCMIC is without knowledge or information sufficient to form a belief

as to the truth of the allegation..

6.  NCMIC admits that NCMIC Insurance Company issued a professional liability policy to defendant Community Chiropratic, P.C.; denies that NCMIC Insurance Services, Inc. issued a professional liability to defendant Community Chiropractic, P.C. and that Community Chiropractic, P.C. is responsible for the actions of Drs. Goyette and Huber; and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth paragraph 6.

7.  NCMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.  NCMIC denies that Drs. Goyette and Huber and Community Chiropractic, Inc. were negligent or that their actions resulted in injury to plaintiffs. NCMIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8.

9.  Denied.

10. Denied.

11. NCMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning mailing of the settlement demand letter referenced in paragraph 11; otherwise admitted.

12. NCMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth paragraph 11.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The actions complained of did not occur primarily and substantially within the Commonwealth of Massachusetts.

### Second Affirmative Defense

Plaintiffs failed to comply with the requirements of G.L. c. 93A, including the requirement that they give NCMIC adequate notice of their allegations and claimed damages.

NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.

By their attorneys,

_____
Tamara S. Wolfson (BBO #544347)
Anne Robbins (BBO #561968)
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (facsimile)

Dated: September 21, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by mail on September 21, 2004.

_____

3