UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS MICHAEL HANRAHAN AND
JANICE HANRAHAN,

                         Plaintiff,

v.

NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.,

                         Defendants.

CIVIL ACTION NO. 04-12012-DPW

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO VACATE DEFAULT

Defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. (collectively, "NCMIC") move to vacate the default entered against them in state court, apparently by a clerk and without judicial review. As set forth below, the default was entered in error, as NCMIC had timely responded to plaintiffs' complaint by serving a motion to stay all proceedings in this action, including the time to answer or otherwise respond to the complaint. Before the default was entered, NCMIC also had removed this action to this Court and timely answered in this Court. In addition, the default has no force and effect, because it was entered after the state court had received notice of NCMIC's removal of this action to this Court, after which the state court had no further jurisdiction in this matter. In support of its motion to vacate, NCMIC also relies on the Affidavit of Tamara S. Wolfson submitted herewith.

### I. NCMIC TIMELY RESPONDED TO PLAINTIFFS' COMPLAINT.

Plaintiffs filed this action in Massachusetts Superior Court for Norfolk County on or about August 17, 2004. Plaintiffs allege that NCMIC has violated Mass. G.L. c. 93A and c.

176D by failing to make a reasonable offer of settlement of claims asserted by them against three NCMIC insureds in an underlying malpractice suit.[1] NCMIC was served with the summons and complaint August 24, 2004. Pursuant to Mass. R. Civ. P. 12, NCMIC was required to answer or otherwise respond within twenty days of service.

On September 13, 2004, NCMIC responded to plaintiffs' complaint by serving on plaintiffs' counsel a motion to stay all proceedings in this action until plaintiffs' underlying claims against NCMIC's insureds are resolved by settlement or final judgment and the exhaustion of any appeals in the underlying suit. Affidavit of Tamara S. Wolfson ("Wolfson Aff."), ¶ 2. The requested stay explicitly included the filing of an answer or any other response to the complaint. *Id.*, ¶ 3. Pursuant to Massachusetts Superior Court Rule 9A, NCMIC was required to serve the motion on plaintiffs and to allow plaintiffs ten days to respond before filing the motion in Superior Court. *Id.*, ¶ 2. True and accurate copies of the motion to stay and supporting memorandum are attached as Exhibit A to Ms. Wolfson's Affidavit.

On or about September 14, 2004, counsel for NCMIC spoke with plaintiffs' counsel by telephone. Wolfson Aff., ¶ 4. In response to plaintiffs' counsel's question as to whether an answer had been filed, counsel for NCMIC stated that the motion to stay explicitly sought a stay of the time to answer. *Id.* Plaintiffs' counsel did not state that it was his position that NCMIC still was obligated to answer, notwithstanding the motion to stay, nor did he state that he would move to default NCMIC if it did not answer. *Id.* During the same conversation, counsel for

---

[1] Plaintiffs mistakenly allege that defendant NCMIC Insurance Services, Inc. is an insurance company and that it provided insurance to the defendants in the underlying tort suit, Kerry Goyette, D.C., Christina Huber, D.C. and Community Chiropractic, P.C. NCMIC Insurance Services, Inc. is an insurance broker and has had nothing to do with the insurance policies or the underlying claims at issue in this suit. Plaintiffs' error is not of significance to this motion. Therefore, solely for ease of reference and accepting plaintiffs' allegations as true solely for purposes of this motion, this memorandum refers to the defendants collectively as "NCMIC."

2

NCMIC advised plaintiffs' counsel that NCMIC planned to remove this action to federal court. *Id.*

On September 16, 2004, NCMIC filed a Notice of Removal (with attachments thereto) of this action with the Clerk of the Court for the United States District Court for the District of Massachusetts by hand. Wolfson Aff., ¶ 5. A true and accurate copy of the Notice of Removal, without attachments, is attached to Ms. Wolfson's Affidavit as Exhibit B. The same day, NCMIC served a copy of the Notice of Removal on plaintiffs' counsel by mail, and also filed a copy of the Notice of Removal with the state court by mail. *Id.*, ¶ 6.

Although plaintiffs' counsel had received NCMIC's motion to stay and a copy of the Notice of Removal of this action to federal court, on or about September 20, 2004 plaintiffs filed by mail a Request for Default of NCMIC for failure to answer. Wolfson Aff., ¶ 8. Plaintiffs' counsel did not give counsel for NCMIC any notice that plaintiffs intended to move for a default prior to filing plaintiffs' Request for Default. *Id.* Plaintiffs also did not note in their Request for Default, a true and accurate copy of which is attached to Ms. Wolfson's Affidavit as Exhibit D, that NCMIC had served on plaintiffs a motion to stay all proceedings, including the time to answer or otherwise respond, or that NCMIC had removed this action to federal court.

NCMIC received a copy of plaintiffs' Request for Default on September 21, 2004. Wolfson Aff., ¶ 8. The following morning, September 22, 2004, NCMIC filed in state court, by hand, an Opposition to plaintiffs' Request for Default. Wolfson Aff., ¶ 11. A true and accurate copy of the Opposition, without attachments, is attached to Ms. Wolfson's Affidavit as Exhibit F. The Opposition stated that NCMIC had timely responded to plaintiffs' complaint by serving on plaintiffs' counsel a motion to stay all proceedings, including the time for answering or otherwise responding to plaintiffs' complaint. That same day, however, before the Opposition

3

was docketed, NCMIC was defaulted. The default appears to have been entered by a clerk and without judicial review. Wolfson Aff., ¶ 11.

## II. NCMIC TIMELY ANSWERED WITHIN FIVE DAYS OF REMOVING THIS ACTION.

NCMIC had five days from September 16, 2004, the day it filed its Notice of Removal, to answer in federal court. Fed. R. Civ. P. 81(c) states:

> In a removed action in which the defendant has not answered, the defendant shall answer or otherwise present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, *or within 5 days after the filing of the petition for removal, whichever period is longest."* (emphasis added)

On September 21, 2004, NCMIC filed its Answer to plaintiffs' complaint in this Court by hand. Wolfson Aff., ¶ 10. A true and accurate copy of NCMIC's Answer, bearing the date-stamp of this Court, is attached as Exhibit D to Ms. Wolfson's Affidavit. NCMIC thus timely answered plaintiffs' complaint.

## III. THE STATE COURT HAD NO JURISDICTION OVER THIS MATTER WHEN THE DEFAULT WAS ENTERED.

On September 16, 2004, the same day it filed its Notice of Removal in this Court, NCMIC filed a copy of the Notice of Removal by mail with the state court. The state court docket, a true and accurate copy of which is attached to Ms. Wolfson's Affidavit as Exhibit C, shows that the state court received the copy of the Notice of Removal no later than September 20, 2004. Although this copy was not accepted for docketing by the state court because it did not bear the federal court seal and docket number,[2] *id.*, ¶ 9, the filing of this copy of the Notice of

---

[2] Because the copy of the Notice of Removal was filed in state court simultaneously with the filing in this Court, the federal court seal and docket number were not yet available. Wolfson Aff., ¶ 6. NCMIC filed a copy of the Notice of Removal bearing the federal court seal and docket number with the
(continued...)

4

Removal gave the state court notice of the removal, and thus was sufficient to deprive the state court of jurisdiction in this matter. *See Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir. 1978) (state court may no longer proceed once it has constructive notice of petition for removal); *Allstate Ins. Co. v. Preston*, 842 F. Supp. 1441, 1445 n.2 (S.D. Fla. 1992) (same). The state court thus had no jurisdiction to take any action in this matter after September 20, 2004. The default, which was entered on September 22, 2004, *see* Wolfson Aff., Ex. C, thus has no force and effect.

## IV. NCMIC HAS A MERITORIOUS DEFENSE, AND PLAINTIFFS WOULD NOT BE PREJUDICED IF THE DEFAULT WERE VACATED.

Even if NCMIC had not timely answered and moved to stay, and even if the state court had jurisdiction to enter the default, removal of the default would be warranted. In applying the "liberal standard" for setting aside a default for good cause, the relevant factors are "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004). As set forth above, the default was not willful. NCMIC timely responded to plaintiffs' complaint and timely answered after removing the action to this Court.

Further, removing the default here would not prejudice plaintiffs in any way, but instead would permit this action to be resolved on the merits. NCMIC has meritorious defenses to this action. In the underlying medical malpractice suit, the insureds have served interrogatory answers identifying multiple well-qualified experts who will testify that the alleged injuries in

---

(continued...)

state court clerk as soon as it received notice that the clerk had not accepted the copy of the Notice of Removal originally filed by NCMIC for docketing because it did not bear the federal court seal and docket number. Wolfson Aff., ¶¶ 9, 12.

5

dispute were not caused by the insureds. A true and accurate copy of those interrogatory answers is attached to the Wolfson Affidavit as Exhibit G. Where, as here, qualified experts have testified that the insureds complied with the applicable standard of care or did not cause the plaintiff's injuries, the insureds' liability is not reasonably clear and the insurer is not obligated to make a settlement offer. *See Van Dyke v. St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 677-78 (1983) (where expert had opined that insured was not liable, insurer was entitled to summary judgment on c. 93A claim even though the jury in the underlying suit found the insured liable); *Mayer v. Medical Malpractice Joint Underwriting Association of Massachusetts*, 40 Mass. App. Ct. 266, 279-80 (1996) (same).

## Conclusion

For the reasons stated above, defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. respectfully request that the Court vacate the default entered against them in state court.

Respectfully submitted,
NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.

_____
Tamara S. Wolfson (BBO #544347)
Anne Robbins (BBO # 561968)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (facsimile)

Dated: October 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served on the attorney of record for each other party by mail on October 12, 2004.

_____