UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN,<br><br>Plaintiff,<br><br>v.<br><br>NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-12012-DPW |

**AFFIDAVIT OF TAMARA S. WOLFSON**

I, Tamara S. Wolfson, depose and state as follows:

1. I am a partner in the law firm of Palmer & Dodge LLP, and represent defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. (collectively, "NCMIC") in the above-captioned matter. I have personal knowledge of the matters set forth in this affidavit.

2. On September 13, 2004, I caused to be served on attorney William Ruotolo, counsel for plaintiffs in the above-captioned matter, Defendants' Motion to Stay All Proceedings Until Resolution of the Underlying Tort Suit and to Dismiss Plaintiffs' Claims Under G.L. c. 176D ("Motion to Stay") and the defendants' supporting Memorandum. True and accurate copies of the Motion and supporting Memorandum are attached as Exhibit A. Pursuant to Massachusetts Superior Court Rule 9A, NCMIC was required to serve copies of the Motion and supporting Memorandum on plaintiffs' counsel and to allow plaintiffs ten days to respond before filing the motion in Superior Court.

3. NCMIC's motion sought to stay all proceedings in this action, expressly including the filing of an answer or any other response to the complaint, until plaintiffs' underlying claims

against NCMIC's insureds are resolved by settlement or final judgment and the exhaustion of any appeals in the underlying suit. *See* Motion to Stay, at 2 and Memorandum in Support of Motion to Stay, at 11.

4. On September 14, 2004, Mr. Ruotolo called me. During our conversation, he stated that he understood that cases alleging failure to settle generally are stayed pending resolution of the underlying suit and that settlement of the underlying suit likely would resolve the failure to settle case against NCMIC. He indicated that he might not oppose the motion to stay. Mr. Ruotolo also noted that he did not see an answer with the motion. I explained that the motion to stay explicitly sought a stay of the time to answer. Mr. Ruotolo did not state that it was his position that NCMIC still was obligated to answer, notwithstanding the motion to stay, nor did he state that he would move to default NCMIC if it did not answer. During the same conversation, I advised Mr. Ruotolo that NCMIC planned to remove this action to federal court.

5. On September 16, 2004, I caused a Notice of Removal (with attachments thereto) of this action to be filed by hand with the Clerk of the Court for the United States District Court for the District of Massachusetts. A true and accurate copy of the Notice of Removal, without attachments, is attached as Exhibit B.

6. The same day, I caused a copy of the Notice of Removal to be served on Mr. Ruotolo by mail, and also caused a copy of the Notice of Removal to be filed with the state court by mail. Because the copy of the Notice of Removal was filed in state court simultaneously with the filing in this Court, the federal court seal and docket number were not yet available, and the copy of the Notice filed in state court did not bear the federal court seal or docket number.

7. A true and accurate copy of the state court docket is attached as Exhibit C. The docket shows that the state court received the copy of the Notice of Removal no later than September 20, 2004.

8. On September 21, 2004, I received by mail a copy of plaintiffs' Request for Default filed in the state court. The motion was dated September 20, 2004, and the cover letter indicated that it had been filed by mail. Plaintiffs' counsel did not give NCMIC any notice that plaintiffs intended to move for a default prior to filing plaintiffs' Request for Default. A true and accurate copy of plaintiffs' Request for Default is attached as Exhibit D.

9. On September 21, 2004, I also received notice from the state court clerk that the Notice of Removal had not been accepted for docketing because it did not bear the federal court seal or docket number.

10. On September 21, 2004, I caused to be filed NCMIC's Answer to plaintiffs' complaint in this Court, by hand. A true and accurate copy of the Answer, bearing the date-stamp of this Court, is attached as Exhibit E.

11. I personally filed an Opposition to the Request for Default in state court the next morning, September 22, 2004, by hand. A true and accurate copy of the Opposition, without attachments, is attached as Exhibit F. The state court docket, attached as Exhibit C, shows that a default had already been entered by the time NCMIC's Opposition was docketed. It appears from a review of the docket that the default was entered by a clerk, without judicial review.

12. At the same time I filed the Opposition, I also filed by hand a copy of the Notice of Removal bearing the federal court seal and docket number with the state court clerk.

13.     A true and accurate copy of answers to expert interrogatories served by NCMIC's insured in the underlying action is attached as Exhibit G.

                I declare under penalty of perjury
                that the foregoing is true and correct.

                Executed on October 12, 2004.

                */s/ Tamara S. Wolfson*
                Tamara S. Wolfson