UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS MICHAEL HANRAHAN
and
JANICE HANRAHAN,
                Plaintiffs

v.

NCMIC INSURANCE COMPANY, and
NCMIC INSURANCE SERVICES, INC.,
                Defendants

CIVIL ACTION NO.
04-12012-DPW

**PLAINTIFFS', DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN, OPPOSITION TO MOTION OF DEFENDANTS TO VACATE DEFAULT AND PLAINTIFFS' MEMORANDUM IN SUPPORT**

NOW COME THE PLAINTIFFS, DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN, and OPPOSE the Motion of the Defendants to vacate the Default entered against them. As grounds for said OPPOSITION, the Plaintiffs state as follows:

**I.  NCMIC FAILED TO FILE A RESPONSIVE PLEADING AS MANDATED BY THE RULES.**

Mass.R.Civ.P. 12(a) provides "After service upon him of any pleading requiring a responsive pleading, a party shall serve such responsive pleading <u>within 20 days unless otherwise directed by order of the court</u>."  *Emphasis added.*

There is <u>nothing</u> within the Rules of Civil Procedure which excuse the Defendants from filing a responsive pleading within 20 days after the date of service. In this case, the Plaintiffs filed their Complaint on August 17, 2004. Defendants, NCMIC INSURANCE COMPANY AND NCMIC INSURANCE

*Hanrahan v. NCMIC Insurance Company, et al*
*plaintiffs' opposition to defendants' motion to remove default - 10.13.2004.doc.*

SERVICE, INC., were served in accordance with Mass.R.Civ.P. Rule 4, on August 24, 2004 by Suffolk Deputy Sheriff, Robert Foscaldo and said Proofs of Service were filed with the Court on August 30, 2004. *See Docket Entries 6 and 7.* An Answer to the Complaint was due on **September 13, 2004**. No Answer to the Complaint was filed by the Defendants, NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICE, INC. nor was one filed at the time of the Plaintiffs Request for Default.[1]

Rule 12 makes provision for certain motions which are permitted at the time the Answer is due. The deal exclusively with Defenses only; not with any request to "stay all proceedings and until resolution of the underlying tort suit and to dismiss plaintiffs' claims under G.L. c. 176D."

The Rule requires the following:

> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, **except that the following defenses may at the option of the pleader be made by motion**:
> (1) Lack of jurisdiction over the subject matter;
> (2) Lack of jurisdiction over the person;
> (3) Improper venue;
> (4) Insufficiency of process;
> (5) Insufficiency of service of process;
> (6) Failure to state a claim upon which relief can be granted.
> (7) Failure to join a party under Rule 19;
> (8) Misnomer of a party;
> (9) Pendency of a prior action in a court of the Commonwealth.

Nowhere does this Rule permit a motion to "stay all proceedings and until resolution of the underlying tort suit and to dismiss plaintiffs' claims under G.L.

---

[1] The Defendants attempt to mislead the Court in their claim that they "responded to the plaintiffs' complaint by serving on plaintiffs' counsel a motion to stay all proceedings in this

*Hanrahan v. NCMIC Insurance Company, et al*
*plaintiffs' opposition to defendants' motion to remove default - 10.13.2004.doc.*

c. 176D" in lieu of filing a "responsive pleading" within 20 days from service. The Defendants failed to comply with the Rule. A default was appropriately and timely entered by the Clerk of the Superior Court.

**II.   NCMIC ATTEMPTS TO MISLEAD THE COURT CLAIMING THEY "TIMELY ANSWERED" WITHIN FIVE DAYS OF REMOVING THIS ACTION.**

Fed.R.Civ.P. 81(c) provides:

> In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or *within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.*[2]

This Rule clearly tacks on an additional 5 days to the 20 day time-frame in which a responsive pleading may be filed by the Defendants. Should removal occur on the 20th day after service of process, the Defendants have up to 25 days after service of process to file a responsive pleading. In the present case, service of process was perfected on August 24, 2004. At most, the Defendants had up to and including **September 18, 2004** to file a responsive pleading. This they failed to do. A default was timely entered on September 22, 2004 as no responsive pleading was filed by the Defendants.

The Defendants then claim that they filed their Notice of Removal on September 16, 2004. This is incorrect. The filing of the Notice of Removal was,

---

action…"Defendants' Memorandum, page 2. The motion is not a "responsive pleading" as required by the Rule.
[2] That is the 20-day or the 5-day time-period, but in no case more than 25 days from service of process.

3

*Hanrahan v. NCMIC Insurance Company, et al*
*plaintiffs' opposition to defendants' motion to remove default - 10.13.2004.doc.*

in fact, on September 22, 2004. *See Exhibits Page 4, Docket Entry No. 7.* As no responsive pleading was filed within the combined time allowed by Mass.R.Civ.P. 12(a) and Fed.R.Civ.P. 81(c), the Court should not remove the default entered by the Superior Court.

### III.  THE SUPERIOR COURT HAD JURISDICTION OVER THIS CASE UNTIL REMOVED.

As indicated above, the Defendants claim that they filed their Notice of Removal on September 16, 2004. This is incorrect. The filing of the Notice of Removal was, in fact, on September 22, 2004. *See Exhibits Page 4, Docket Entry No. 7.* As no responsive pleading was filed within the combined time allowed by Mass.R.Civ.P. 12(a) and Fed.R.Civ.P. 81(c), the Court should not remove the default entered by the Superior Court. Having failed to file a responsive pleading, the State Court entered the defaults on September 22, 2004.

The Defendants' claim a responsive pleading was filed in the Superior Court on September 21, 2004. There is no docket entry for such a filing. *See Exhibits Page 4, Docket Entries.* The Defendants again misstate the facts and the law. The removal notice was filed on September 22, 2004 after the default judgments were entered by the Superior Court. Therefore, the Superior Court had jurisdiction to enter the defaults against these Defendants

WHEREFORE, it respectfully submitted that the Defendants' Motion to Vacate the Default judgments entered against it should be DENIED.

*Hanrahan v. NCMIC Insurance Company, et al*
*plaintiffs' opposition to defendants' motion to remove default - 10.13.2004.doc.*

          *Respectfully Submitted*,

          PLAINTIFFS,

          DENNIS MICHAEL HANRAHAN and
          JANICE HANRAHAN,
          By their Attorney and
          Counsel Of Record,


          _____
          William J. Ruotolo
          BBO # 628288
          Law Offices
          WILLIAM J. RUOTOLO
          ATTORNEYS & COUNSELLORS AT LAW
          1200 East Street
          Westwood, MA 02090
Dated: October 13, 2004          (781) 320-0607

*Hanrahan v. NCMIC Insurance Company, et al*
*plaintiffs' opposition to defendants' motion to remove default - 10.13.2004.doc.*

# CERTIFICATION

I, William J. Ruotolo, of Law Offices, WILLIAM J. RUOTOLO, ATTORNEYS & COUNSELLORS AT LAW, 2131 Warwick Avenue, Warwick, RI 02889, do hereby certify that copies of the:

1. **PLAINTIFFS', DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN, OPPOSITION TO MOTION OF DEFENDANTS TO VACATE DEFAULT AND PLAINTIFFS' MEMORANDUM IN SUPPORT**

By **First Class Mail** to:

1. Defendants, **NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICES, INC.**, through their attorneys and Counsel of Record, Tamara Wolfson, Esq., Anne Robbins, Esq., PALMER & DODGE LLP, 111 Huntington Avenue At Prudential Center, Boston, MA 02199-7613.

_____
William J. Ruotolo

Dated: October 14, 2004

*C:\Documents and Settings\All Users\Documents\WJR\wjr - files\HANRAHAN v. ncmic - NOCV2004-01339\usdc\plaintiffs' opposition to defendants' motion to remove default - 10.13.2004.doc*