UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2004 OCT 20 P 4: 23
U.S. DISTRICT COURT
DISTRICT OF MASS.

DENNIS MICHAEL HANRAHAN AND
JANICE HANRAHAN,

                          Plaintiff,

v.

NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.,

                         Defendants.

CIVIL ACTION NO. 04-12012DPW

**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS
UNTIL RESOLUTION OF THE UNDERLYING TORT SUIT
AND TO DISMISS PLAINTIFFS' CLAIMS UNDER G.L. C. 176D
and
REQUEST FOR ORAL ARGUMENT**

This case arises from a pending underlying suit filed in state court by the plaintiffs against Kerry Goyette, D.C., Christine P. Huber, D.C. and Community Chiropractic, P.C. (collectively, "the insureds"). Defendant NCMIC Insurance Company is the professional liability insurer for the insureds. In this action, which defendants have removed to federal court, plaintiffs allege that the defendants have violated Mass. G.L. c. 93A and c. 176D by failing to make a reasonable offer of settlement of their claims against the insureds.[1] Defendants deny these allegations.

---

[1] Plaintiffs mistakenly allege that defendant NCMIC Insurance Services, Inc. is an insurance company and that it provided insurance to Drs. Goyette and Huber and Community Chiropractic, P.C. NCMIC Insurance Services, Inc. is an insurance broker and has had nothing to do with the insurance policies or the underlying claims at issue in this suit. That error is not of significance to this motion. Therefore, solely for ease of reference and accepting plaintiffs' allegations as true solely for purposes of this motion, this motion and supporting memorandum will refer to the defendants collectively as "NCMIC."

For the reasons set forth in the accompanying memorandum, defendants move to stay all further proceedings in this action until the underlying claims against the insureds have been resolved and it thus is determined whether or not any of the insureds have any liability for plaintiffs' alleged injuries and the amount of any such liability. A stay of this action will save the Court and the parties from potentially wasteful expenditures of time and effort, will prevent the Court from having to resolve discovery disputes raising complex privilege and work-product issues and will prevent the risk that the insureds would be prejudiced if plaintiffs were allowed to proceed with discovery into the insurer's handling of plaintiffs' claim while those claims remained pending. For these reasons, numerous courts in Massachusetts and other states have stayed suits alleging unfair claims practices until the underlying claims were resolved. Further, to the extent the complaint purports to state a claim under G.L. c. 176D, that claim should be dismissed because there is no private cause of action under that statute.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum, the Court should stay all proceedings in this action until plaintiffs' claims against the insureds are resolved by settlement or final judgment and the exhaustion of any appeals in the underlying suit. Further, the complaint should be dismissed to the extent that plaintiffs assert a claim for alleged violations of G.L. c. 176D.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(E), defendants request oral argument on their motion to stay to stay all proceedings until resolution of the underlying tort suit and to dismiss plaintiffs' claims under Mass. G.L. c. 176D.

DEFENDANTS NCMIC INSURANCE
COMPANY and NCMIC INSURANCE
SERVICES, INC.

By their attorneys,

*/s/ Anne Robbins*

Tamara S. Wolfson (BBO #544347)
Anne Robbins (BBO #561968)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Dated: October 20, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by mail on October 20, 2004.

*/s/ Anne Robbins*

### RULE 7.1 CERTIFICATION

I hereby certify that I conferred with opposing counsel by telephone on October 4, 2004 and by a series of letters and an email from September 28, 2004 through October 5, 2004 and attempted in good faith to resolve or narrow the issue set forth in the above motion, but that opposing counsel said that he would not state whether he would assent to the above motion until the Court ruled on defendants' motion to vacate the default.

*/s/ Anne Robbins*