UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 20 P 4: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

DENNIS MICHAEL HANRAHAN AND
JANICE HANRAHAN,

                                        Plaintiff,

v.

NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.,

                                        Defendants.

---

CIVIL ACTION NO. 04-12012DPW

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS UNTIL RESOLUTION OF THE UNDERLYING TORT SUIT AND TO DISMISS PLAINTIFFS' CLAIMS UNDER C. 176D

This case arises out of a pending underlying suit filed in state court by plaintiffs

Dennis Michael Hanrahan and Janice Hanrahan against Kerry Goyette, D.C., Christine P.

Huber, D.C. and Community Chiropractic, P.C. In this action, plaintiffs allege that

NCMIC Insurance Company and NCMIC Insurance Services, Inc. (collectively,

"NCMIC")[1] are the professional liability insurers for Drs. Goyette and Huber and

Community Chiropractic, P.C. (collectively, the "insureds"). Plaintiffs further allege that

NCMIC has violated G.L. c. 93A and c. 176D by failing to make a reasonable offer of

settlement of the claims asserted by the plaintiffs against NCMIC's insureds in the

---

[1]    Plaintiffs mistakenly allege that NCMIC Insurance Services, Inc. is an insurance company and that it provided insurance to Drs. Goyette and Huber and Community Chiropractic, P.C. NCMIC Insurance Services, Inc. is an insurance broker and has had nothing to do with the insurance policies or the underlying claims at issue in this suit. That error is not of significance to this motion. Therefore, solely for ease of reference and accepting plaintiffs' allegations as true solely for purposes of this motion, this memorandum will refer to the defendants collectively as "NCMIC."

underlying litigation and by other unspecified violations in the course of handling those claims. NCMIC denies these allegations.

NCMIC moves to stay plaintiffs' complaint and all proceedings in this action until the underlying suit against the insureds has been resolved and it is determined whether or not NCMIC's insureds have any liability for plaintiffs' alleged injuries and if so, the amount of such liability. This is the procedure that has been followed in numerous other similar cases and likewise, should be employed here. As set forth below, a stay will save the Court and the parties from potentially wasteful expenditures of time and effort, will prevent the Court from having to resolve discovery disputes raising complex privilege and work-product issues and will prevent the risk that NCMIC's insureds would be prejudiced if plaintiffs were allowed to proceed with discovery into NCMIC's handling of the claims while the claims remain pending. In addition, to the extent that the complaint purports to state a cause of action for violations of G.L. c. 176D, such claims should be dismissed because there is no private right of action under that statute.

## BACKGROUND

Plaintiffs filed this action on or about August 17, 2004. Over three years earlier, on May 23, 2001, plaintiffs filed a professional negligence suit against the insureds, *Dennis Michael Hanrahan, et al.* v. *Kerry Goyette, D.C., et al.*, Norfolk County Superior Court Civil Action No. 2001-00811 (the "underlying suit").[2] The Medical Malpractice Tribunal convened in the underlying suit concluded that the evidence was insufficient to raise a legitimate question of liability as to Dr. Huber. (*See* Ex. B, Docket Entry 21).

---

[2]  A copy of the Amended Complaint in the underlying suit is attached as Exhibit A and a copy of a printout of the electronic Docket Sheet in the underlying suit is attached as Exhibit B.

The period for conducting discovery has concluded and the Court yesterday granted the Motion for Summary Judgment by Dr. Huber and Community Chiropractic, P.C. (*Id.*, Entry 43). A pretrial conference is scheduled for November 4, 2004. (*Id.*, Entry 38).

As plaintiffs acknowledge, NCMIC has extended settlement offers in an effort to resolve the underlying suit. (Complaint, ¶15.) Plaintiffs, unhappy with NCMIC's offers, have now filed this suit alleging that NCMIC has violated G.L. c. 93A and c. 176D.

Although this motion does not go to the merits of plaintiffs' claims, NCMIC denies that it has acted unfairly or deceptively in handling plaintiffs' claims or has otherwise violated G.L. c. 93A and 176D. Notably, in the underlying suit, the insureds have filed interrogatory answers identifying multiple well-qualified experts who will testify that the alleged injuries in dispute were not caused by the insureds. NCMIC is entitled to rely on opinions from qualified experts to assess a claimant's alleged injuries. *See Van Dyke v. St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671 (1983) (where expert had opined that insured was not liable, insurer was entitled to summary judgment on c. 93A claim even though the jury in the underlying suit found the insured liable); *Mayer* v. *Medical Malpractice Joint Underwriting Association of Massachusetts*, 40 Mass. App. Ct. 266 (1996) (same).

## ARGUMENT

### I. THIS ACTION SHOULD BE STAYED PENDING FINAL RESOLUTION OF THE UNDERLYING SUIT AGAINST THE INSUREDS

#### A. Numerous Courts in Massachusetts and Other Jurisdictions Have Stayed Claims Alleging Unfair Settlement Practices Until the Underlying Tort Claims Are Resolved.

All proceedings in this action should be stayed until the claims against NCMIC's insureds are tried or settled. Numerous courts have recognized that until liability and

damages in a plaintiff's claim against an insured are determined, it is impossible to determine the merits of the plaintiff's claim against the defendant's insurer alleging wrongful failure to settle. Therefore the claims against an insurer routinely are stayed until the underlying claim is resolved.

For example, the Montana Supreme Court in *Fode* v. *Farmers Ins. Exchange*, 719 P.2d 414 (Mont. 1986),[3] addressed the precise issue raised here. In that case, the plaintiffs sued the insurance company under the Montana unfair claims settlement statute, which imposes the same requirements as c. 176D, before liability had been determined in the underlying tort case. The Court held that all proceedings in a case alleging violations of the unfair claims settlement statute must be suspended until the liability issues in the underlying case are determined either by judgment or settlement. *Id.*, 719 P.2d at 417.

The Massachusetts Appeals Court similarly has recognized that it is inappropriate for a plaintiff to proceed on a claim for unfair settlement practices while the underlying tort claim is pending. In *Gross* v. *Liberty Mutual Ins. Co.*, No. 84-0138, *slip op.* at 2 (Mass. App. Ct., April 24, 1984) (Kass, J., acting as a single justice),[4] the court vacated the Superior Court's denial of a protective order in an action under G.L. c. 93A, stating:

> The significant fact is that the liability of [the] insured, and the damages flowing from that liability, have yet to be ascertained. Should there be a verdict in favor of [the] insured, should there be a verdict within range of the [amount] offered, or should there be a settlement within the range of the [amount] offered, a claim of unfair settlement could scarcely be made out.

---

[3] A copy of the *Fode* decision is attached as Exhibit C to this memorandum.
[4] A copy of the *Gross* memorandum and order is attached as Exhibit D to this memorandum.

Similarly, in *Belcher* v. *Pawtucket Mutual Ins. Co.*, No. 89-J-672, *slip op.* at 1 (Mass.

App. Ct., October 5, 1989) (Kass, J., acting as a single justice),[5] the Court granted a

protective order precluding discovery of the insurer's files, stating: "to authorize

discovery in an unfair settlement claim before the underlying claim has been established

is to get the cases in the wrong order." In yet another case, the Appeals Court ordered a

stay of all discovery with respect to a c. 93A claim against an insurer until the resolution

of the underlying claim. *Royal Ins. Co.* v. *Stoneham Auto Body*, No. 93-J-923 (Mass.

App. Ct., Dec. 7, 1993) (Gillerman, J., acting as a single justice).[6] Two Superior Court

judges and a federal magistrate judge have also reached the same result. *Armata* v.

*Kaufmann and Medical Professional Mutual Insurance Company*, Middlesex Sup. Ct.

C.A. No. 96-2019-D (June, 1996)[7]; *Bellanton* v. *Daniel*, 4 Mass. L. Rptr. 676, 678

(Suffolk Sup. Ct. Dec. 1995);[8] *Miller* v. *Muto*, United States District Court C.A. No. 97-

11049-NG (August 31, 1998).[9]

The Massachusetts Appeals Court recently endorsed the practice of staying bad

faith failure to settle claims pending the outcome of the underlying claim against the

insured. In *M.J. Flaherty Co.* v. *United States Fidelity & Guaranty Co.*, 61 Mass. App.

Ct. 337 (2004), Flaherty, a subcontractor, had sued Granger, a general contractor, for

breach of contract. In that action, the subcontractor also sought payment from USF&G,

which had provided a payment bond for the construction project. *Id.* at 338. While the

contract action was pending, the subcontractor filed a separate action against USF&G in

---

[5]  A copy of the *Belcher* memorandum and order is attached as Exhibit E to this memorandum.
[6]  A copy of the *Royal* decision is attached as Exhibit F to this memorandum.
[7]  A copy of the *Armata* decision is attached as Exhibit G to this memorandum.
[8]  A copy of the *Bellanton* decision is attached as Exhibit H to this memorandum.
[9]  A copy of the *Miller* decision is attached as Exhibit I to this memorandum.

which it alleged that USF&G had violated G.L. c. 93A and 176D by failing reasonably to investigate and settle the subcontractor's claims against the general contractor. *Id.*

The Appeals Court, reasoning that the two actions raised distinct issues, held that the trial court had wrongly dismissed the second, c. 93A action under Mass. R. Civ. P. 12(b)(9), which precludes a new suit when there is a prior pending action between the parties. *Id.* at 339. In the context of discussing the plaintiff's decision to file a separate c. 93A action, rather than to amend its contract action to add a c. 93A claim, the Court endorsed the practice of staying proceedings on a bad faith failure to settle claim in order to avoid prejudicing the defense of the underlying case. The Court expressly noted that "Superior Court judges may take the sensible step of staying the unfair settlement claim pending the outcome of the underlying negligence claim." *Id.* at 340.

Numerous other courts have held that claims alleging unfair settlement practices should be stayed pending the resolution of the underlying suit. Indeed, several courts have also stayed first-party bad faith claims (that is, bad faith claims brought by the insured rather than as here, a third party asserting a claim against the insured). Because there is no risk of prejudice to a non-party insured in first-party bad faith cases, such cases present less compelling grounds for a stay than third-party bad faith claims, such as this one. Nonetheless, like Judge Kass in *Gross*, these courts cite the potential that the resolution of the underlying claim will eliminate the bad faith claim. These courts also cite the risk of prejudice to the insurer if the bad faith claim were allowed to proceed, and the complex privilege and work issues that would result if the underlying and bad faith claims were allowed to proceed together. *See, e.g., State Farm Fire & Casualty Co.,* v. *Madden,* 451 S.E.2d 721, 726 (W.Va. 1994) (staying third-party bad faith claims against

- 6 -

insurer to prevent prejudice to the insured and to prevent "Pandora's box" of discovery motions that could result if discovery were allowed to proceed); *Warnke v. IMT Ins. Co.*, 657 N.W. 2d 715, 716 (Iowa 2003) (stating that it was "prudent" to stay claim for bad faith denial of coverage until underlying action resolved); *Durbin v. State Farm Mutual Auto Ins. Co.*, 2001 WL 1793734 (W.D. Ky. 2001) (staying claim for bad faith denial of underinsured motorist benefits until underlying claim resolved because discovery on bad faith claim could reveal insurer's strategy on contract claim); *Dunn v. Way*, 786 P.2d 649, 653 (Mont. 1990) (holding that trial court properly exercised discretion in staying claim for bad faith handling of claim under homeowner's policy because of risk of prejudice to insurer and because of possibility that resolution of contract claim would affect resolution of bad faith claim); *Bartlett v. John Hancock Mutual Life Ins. Co.*, 538 A.2d 997, 1002 (R.I. 1988) (recommending that trial courts stay discovery on bad faith claims until the underlying claim is resolved in the plaintiffs' favor); *South Hampton Refining Co. v. National Union Fire Ins. Co.*, 875 F. Supp. 382, 384 (E.D. Tex. 1995) (staying claim for bad faith denial of coverage so that parties will not waste valuable resources attending to claims which could be disposed of by a determination of the insurance coverage); *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App. 1995) (holding that trial court's denial of motion to stay claim for bad faith denial of underinsured motorist benefits was an abuse of discretion because insurer should not be forced to choose between jeopardizing defense of contract claim by waiving privilege or jeopardizing defense of bad faith claim by not waiving privilege); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App. 1993) (holding that trial court's denial of motion to stay claim for bad faith denial of underinsured motorist benefits was abuse of

discretion in part because parties should not be put to effort and expense of conducting discovery where bad faith claims may be disposed of by resolution of contract claim); *Dahmen v. American Family Mutual Ins. Co.*, 635 N.W. 2d 1, 6 (Wisc. App. 2001) (holding that trial court's denial of motion to stay claim for bad faith denial of underinsured motorist benefits pending resolution of contract claim was abuse of discretion because of risk of prejudice to insurer if discovery were allowed to proceed and possibility that resolution of contract claim would dispose of bad faith claim).

### B.    A Stay Will Prevent the Court From Unnecessarily Having to Resolve Complex Privilege Issues and Will Prevent Prejudice to NCMIC and Its Insureds.

The stay requested by NCMIC will save the Court and the parties from potentially wasteful expenditures of time and effort since, as Judge Kass observed in *Gross*, the claims against NCMIC may well be mooted by the result in the underlying case. *See also Dehman*, 635 N.W. 2d at 6; *Millard*, 847 S.W. 2d at 673; *Dunn*, 785 P. 2d at 653; *South Hampton*, 875 F. Supp. at 384.

A stay also will prevent the Court from having to resolve – perhaps unnecessarily – discovery disputes raising complex privilege and work-product issues. *See Madden*, 451 S.E.2d at 726 (in context of ruling on motion to stay a third-party bad faith claim, referring to anticipated motions by insurer to bar discovery of claim file on privilege and work product grounds as "a Pandora's box that we would as soon not open"). For example, as is common in c. 93A claims, plaintiffs likely would seek discovery of NCMIC's claim file in connection with their c. 93A claim.[10] These materials were

---

[10]    By addressing the difficulties that would follow if plaintiffs' c. 93A claim were permitted to proceed while the underlying claims remain pending, NCMIC does not concede that its claim file materials would be discoverable in this action. It instead seeks to describe some of the issues that the Court likely would be

created in anticipation of litigation, and thus ordinarily would not be discoverable by the plaintiffs in the malpractice action. Mass. R. Civ. P. 26(b)(3) (stating that materials prepared by a party's insurer in anticipation of litigation are protected work product). The claim file also contains privileged communications with defense counsel. *McCourt Co., Inc.* v. *FPC Properties, Inc.*, 386 Mass. 145, 146 (1982) (defense counsel retained by liability insurer represents both the insurer and the insured).

Further, any disclosure of these confidential materials while the underlying action is pending could be prejudicial to NCMIC's insureds. *See, e.g., Moradi-Shalal* v. *Fireman's Fund Ins. Co.*, 758 P.2d 58, 70 (Cal. 1988) ("unless the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer") [11]; *Madden*, 451 S.E.2d at 726 ("discovery of [the insurer's] files . . . would undoubtedly prejudice [the insured's] ability to defend itself against [plaintiffs'] original negligence claim."). Indeed, the purpose of Rule 26(b)(3) is to allow parties and their representatives to investigate claims and to prepare for trial without fear that their work – including their subjective impressions about the case – will be discoverable by the other side. *See Hickman* v. *Taylor*, 329 U.S. 495, 510-11 (1947).

Allowing plaintiffs to proceed against NCMIC while their underlying claims against NCMIC's insureds remain pending also could create an impossible dilemma for NCMIC: while it might be in NCMIC's interests to disclose the contents of its claim file in the course of defending itself against plaintiffs' c. 93A claim, NCMIC could not do so without risking prejudice to its insureds. *See Mid-Century*, 901 S.W.2d at 752-753 (Tex.

---

asked to resolve.

App. 1995) (insurer should not be required to choose between preserving privilege in order to further the defense of the underlying claim or waiving privilege in order to further the defense of the bad faith claim). A stay will ensure that neither NCMIC nor its insureds are compromised in the defense of the claims against them, and that the plaintiffs are not unfairly advantaged in either case.

## II. BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION UNDER G.L. C. 176D, ANY CLAIMS FOR ALLEGED VIOLATIONS OF G.L. C. 176D SHOULD BE DISMISSED.

Plaintiffs' single-count complaint purports to assert claims for alleged violations of G.L. c. 176D and G.L. c. 93A (see Complaint ¶¶ 13, 15, 16). It is well settled, however, that there is no private right of action under G.L. c. 176D. *Foisy* v. *Royal Maccabees Life Ins. Co.*, 241 F. Supp. 2d 65 (D. Mass. 2002); *M. DeMatteo Const. Co.* v. *Century Indem. Co.*, 182 F. Supp. 2d 146 (D. Mass. 2001); *Ryan* v. *Fallon Cmty. Health Plan, Inc.*, 921 F. Supp. 34, 38 (D. Mass. 1996); *Pariseau* v. *Albany Int'l Corp.*, 822 F. Supp. 843, 845 (D. Mass. 1993). Chapter 176D, standing alone, may be enforced only by the Commissioner of Insurance. *Thorpe* v. *Mutual of Omaha Ins. Co.*, 984 F.2d 541, 544 n.1 (1st Cir. 1993). Therefore, to the extent that plaintiffs purport to assert a claim for alleged violations of G.L. c. 176D, plaintiffs' complaint fails to state a claim on which relief may be granted and should be dismissed. *Mahaney* v. *John Hancock Mut. Life Ins. Co.*, 6 Mass. App. Ct. 920, 921 (1978) (entering judgment for defendant insurer on claim brought under c. 176D); *Ryan*, 921 F. Supp. at 38 (dismissing count brought under c. 176D).[12]

---

[11] A copy of the *Moradi-Shalal* decision is attached as Exhibit J to this memorandum.

[12] While G.L. c. 93A creates a private right of action for certain violations of c. 176D, any such claim is

## CONCLUSION

For the reasons stated above, NCMIC respectfully requests that the Court stay all proceedings in this action until the plaintiffs' claims against Drs. Goyette and Huber and Community Chiropractic, P.C. are resolved by settlement or a final judgment and exhaustion of any appeals. Further, to the extent that the complaint purports to assert a claim under c. 176D, that claim should be dismissed.

DEFENDANTS NCMIC INSURANCE
COMPANY and NCMIC INSURANCE
SERVICES, INC.
By their attorneys,

_Anne Robbins_

Tamara S. Wolfson (BBO #544347)
Anne Robbins (BBO #561968)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Dated:  October 20, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by mail on October 20, 2004.

_Anne Robbins_

---

encompassed by the allegation of a violation of c. 93A.