UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 26  P 1:42

U.S. DISTRICT COURT
DISTRICT OF MASS.

DENNIS MICHAEL HANRAHAN AND
JANICE HANRAHAN,

Plaintiff,

v.

NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.,

Defendants.

CIVIL ACTION NO. 04-12012-DPW

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY**

Defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. ("NCMIC") move for leave to file a three-page reply brief in support of their motion to vacate the defaults entered against them in state court. The reply brief addresses: (1) the plaintiffs' misstatement of the date on which defendants filed their petition for removal; (2) the plaintiffs' misstatement of the effect of Fed. R. Civ. P. 81(c) on the time for defendants to answer; and (3) case law rebutting plaintiffs' unsupported assertion that ProMutual's motion to stay and to dismiss plaintiffs' claims pursuant to Mass. G.L. c. 176D did not suspend the time for ProMutual to answer.

WHEREFORE, NCMIC respectfully requests that the Court grant it leave to submit a reply brief in support of its motion to vacate the defaults entered in state court. A copy of NCMIC's proposed reply brief is attached as Exhibit A.

Respectfully submitted,
NCMIC INSURANCE COMPANY AND
NCMIC INSURANCE SERVICES, INC.

_____
Tamara S. Wolfson (BBO #544347)
Anne Robbins (BBO # 561968)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199-7613
(617) 239-0100
(617) 227-4420 (facsimile)

Dated:  October 26, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served on the attorney of record for each other party by hand on October 26, 2004.

_____

### RULE 7.1 CERTIFICATION

I hereby certify that I conferred with opposing counsel by telephone on October 26, 2004 and opposing counsel assented to this motion provided that he have an opportunity to respond to the accompanying reply memorandum.

_____

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN,<br><br>Plaintiff,<br><br>v.<br><br>NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-12012-DPW |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO VACATE DEFAULT**

Plaintiffs' Opposition to the motion of defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. ("NCMIC") to vacate the defaults entered against them in state court misstates the date on which defendants filed their petition for removal and the effect of Fed. R. Civ. P. 81(c) on the time for defendants to answer. It also asserts, erroneously and without citation to any case law, that ProMutual's motion to stay and to dismiss plaintiffs' claims pursuant to Mass. G.L. c. 176D did not suspend the time for ProMutual to answer.

**I.   NCMIC FILED ITS PETITION FOR REMOVAL ON SEPTEMBER 16, 2004.**

Rule 81(c), Fed. R. Civ. P., states that in a removed action in which the defendant has not answered, the defendant shall answer within twenty days of receipt of the initial pleading or service of the summons or "within 5 days after the filing of the petition for removal, whichever period is longest." Plaintiffs assert that NCMIC filed its petition for removal on September 22, 2004. Opposition, at 4. Plaintiffs are wrong. NCMIC filed its petition for removal on September 16, 2004. See Affidavit of Tamara S. Wolfson, Ex. B.[1]

---

[1] It appears that plaintiffs may be confusing the "petition for removal," which is filed in federal court,

## II. NCMIC HAD UNTIL SEPTEMBER 21, 2004 TO ANSWER.

In addition to misstating the date on which NCMIC filed its petition for removal, plaintiffs misstate the effect of Rule 81(c) on the time to answer. Plaintiffs assert that Rule 81(c) merely adds five days to the deadline to answer under state law. Opposition, at 3. This assertion is contrary to the plain language of Rule 81(c), which states that the rule gives defendants five days from the filing of the petition for removal A leading treatise on federal procedure describes the effect of Rule 81(c):

> Pursuant to 28 U.S.C. § 1446(b), the defendant has 30 days upon receipt of knowledge of the facts that provide the basis for removal to file a removal petition. *Thus, a defendant that waits until near the end of the 30-day period will then have only five days to answer because the defendant would have received the notice (either the complaint or the summons, depending on state law) much earlier.* If, however, the defendant files the petition for removal early in the 30-day period, then one of the 20-day periods might control. In that case, the defendant would have 20 days from either the receipt of the complaint or the service of summons to file an answer.

Moore's Federal Practice (3d ed.), § 81.04[4][b] (emphasis added). Rule 81(c) means what it says: defendants who have not yet answered have five days from the date on which they filed their petition of removal to do so, if that deadline is later than the deadline under state law.

## III. NCMIC'S MOTION TO STAY AND TO DISMISS SUSPENDED THE TIME TO ANSWER.

Plaintiffs' assertion that NCMIC's motion to stay and to dismiss plaintiffs' claims under Mass. G.L. c. 176D did not suspend the time for NCMIC to answer, Opposition at 2-3, is incorrect. "Historically, motions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources." *Intravascular Research Ltd.* v. *Endosonics Corp.*, 994 F. Supp. 564, 567 n.3 (D. Del. 1998). *See also Smith* v. *Pay-Fone*

---

with the "notice of filing the petition," which is filed in state court. Rule 81(c), however, plainly distinguishes between the two documents: while it ties the deadline for answering to the date on which the "petition for removal" is filed, it ties the deadline for non-petitioning parties to demand a jury to

2

*Systems*, 627 F. Supp. 121, 122 (N.D. Ga. 1985) (denying request for default where defendants had not answered but had moved to stay).

Additionally, NCMIC not only moved to stay all proceedings on plaintiffs' claims, including the time to answer, but also moved to dismiss plaintiffs' claims under G.L. c. 176D because there is no private right of action under that statute. In order to avoid duplicative pleadings and questions as to the scope of permissible discovery, a partial motion to dismiss suspends the time to answer the entire complaint. Wright & Miller (3d ed. 2004) § 1346, at 46 ("[T]he weight of the limited authority on this point is to the effect that the filing of a [Rule 12(b)(6)] motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."). *See also Finnegan* v. *University of Rochester Medical Center*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998); *Circuit City Stores, Inc.* v. *Citgo Petroleum Group*, No. Civ. A. 92-CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994); *Brocksopp Eng'g, Inc.* v. *Bach-Simpson*, 136 F.R.D. 485, 486 (D. Wis. 1991); *Ricciuti* v. *New York City Transit Auth.*, No. 90Civ. 2823(CSH), 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991).

**Conclusion**

For the reasons stated above, in its initial memorandum and in the supporting affidavit of Tamara S. Wolfson, NCMIC respectfully requests that the Court vacate the defaults entered in state court.

---

service of "the notice of filing the petition."

3

                Respectfully submitted,
                NCMIC INSURANCE COMPANY AND
                NCMIC INSURANCE SERVICES, INC.

                _____
                Tamara S. Wolfson (BBO #544347)
                Anne Robbins (BBO # 561968)
                PALMER & DODGE LLP
                111 Huntington Avenue
                Boston, MA  02199-7613
                (617) 239-0100
                (617) 227-4420 (facsimile)

Dated:  October 26, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served on the attorney of record for each other party by hand on October 26, 2004.

_____

4