UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS MICHAEL HANRAHAN AND JANICE HANRAHAN,<br><br>Plaintiff,<br><br>v.<br><br>NCMIC INSURANCE COMPANY AND NCMIC INSURANCE SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-12012-DPW |

**EIGHTH JOINT STATUS REPORT**

The Plaintiffs' causes of action against Defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. (collectively, "NCMIC") involve violations of G.L. c. 93A and c. 176D. At the Initial Scheduling Conference on October 26, 2004, the Court: (1) stayed all proceedings in this action pending the resolution of the underlying suit, *Dennis Michael Hanrahan, et al. v. Kerry Goyette, D.C.*, Norfolk Superior Court, C.A. No. 2001-00811; and (2) ordered the Parties to jointly report on the status of the underlying suit every three months, beginning January 26, 2005. Pursuant to the Court's Order, the parties jointly report as follows:

1. The underlying suit was filed in May 2001. Mr. Hanrahan claimed, inter alia, that he suffered a second-degree burn to his lower back as well as other injuries as a result of Kerry Goyette, D.C.'s allegedly negligent application of a heating pad to his lower back.

2. On October 18, 2004, the Superior Court entered summary judgment for two of the Defendants, Christine P. Huber, D.C. and Community Chiropractic, P.C.

3. On March 8, 2005, the Superior Court granted the motion of Defendants, Christine P. Huber, D.C. and Community Chiropractic, P.C. for entry of separate and final

judgment and entered final judgment. Plaintiffs timely noticed an appeal from the entry of judgment in favor of Dr. Huber and Community Chiropractic. On or about March 22, 2006, the Appeals Court, pursuant to Rule 1:28 of the Massachusetts Appeals Court Rules for the Regulation of Appellate Practice, entered an order affirming the entry of summary judgment in favor of Dr. Huber and Community Chiropractic.

4. The parties settled plaintiffs' claims against the remaining defendant in the underlying case, Kerry Goyette, D.C., and plaintiffs' claims against NCMIC in this case for $120,000, subject to the satisfaction of various liens asserted against the plaintiffs.

5. As part of the settlement agreement, plaintiffs granted NCMIC a general release.

6. On or about May 5, 2006, defense counsel in the underlying case forwarded to plaintiffs' counsel a check in the amount of $112, 623.12, payable to plaintiffs and their counsel.

7. By letters dated May 5, 2006 and May 18, 2006, defense counsel in the underlying case forwarded checks totaling $7,376.88 to the three lienholders in the underlying action. Plaintiffs' counsel was copied on these letters.

8. Plaintiffs have stipulated to the dismissal of the underlying action with prejudice, and that stipulation was entered on June 9, 2006.

9. Plaintiffs have received lien discharges from two of the three lienholders. Plaintiffs have not received a discharge from the third lienholder, despite multiple requests.

10. Plaintiffs and defendants disagree on whether plaintiffs properly may refuse to stipulate to the dismissal of this action. NCMIC plans to file a motion to compel enforcement of the settlement agreement in order to resolve this dispute.

*Respectfully Submitted,*

PLAINTIFFS,

DENNIS MICHAEL HANRAHAN and
JANICE HANRAHAN,

By their attorney,


/s/William J. Ruotolo
William J. Ruotolo BBO # 628288
LAW OFFICES OF WILLIAM J. RUOTOLO
678 Plainfield Pike
North Scituate, RI 02857
(401) 764-0484

Dated: October 25, 2006

*Respectfully Submitted,*

DEFENDANTS,

NCMIC INSURANCE COMPANY and
NCMIC INSURANCE SERVICES, INC.

By their attorneys,


/s/Anne Robbins
Tamara S. Wolfson, BBO # 544347
Anne Robbins BBO #561968
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800
(617) 951-0800

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by electronic means on October 25, 2006.

/s/Anne Robbins